IN THE

# SUPREME COURT OF JUDICATURE

OF THE

## STATE OF NEW JERSEY.

· JUNE TERM, 1909.

PAUL GERLI v. NATIONAL MILL SUPPLY COMPANY.

Submitted March 9, 1909—Decided June 14, 1909.

The contract embodied in a promissory note, by which an accommodation maker obligates himself to pay a fixed amount of money to the holder, at a specified time, cannot be controlled by oral evidence that, at the time of the delivery of the note by the maker to the holder, it was understood between them that the note was to be paid by a third person for whose accommodation it was drawn, and not by the maker.

On error to Passaic Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and PARKER.

For the plaintiff in error, *Wayne Dumont.*

For the defendant in error, *Rayton E. Horton.*

VOL. XLIX.                   1

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  This suit is brought to recover the amount due upon a promissory note for $1,045 made by the defendant to its own order, and endorsed by it, and also by the Acme Throwing Company.  The case made by the plaintiff at the trial was as follows: The defendant retained possession of the note after its endorsement by the Acme Throwing Company, and sent it by one Rothchild, its secretary, to the mill of the plaintiff, where it was delivered by Rothchild to the plaintiff's cashier, who at the same time gave to Rothchild plaintiff's check for $1,000 in exchange for the note.  The defendant deposited this check to its credit in bank, and in due course received the money on it.  The note was presented for payment at maturity, and payment thereon was refused.  Having proved these facts the plaintiff rested.

The defendant then offered to prove, as a bar to the plaintiff's right to recover, that the note was accommodation paper made by it for the benefit of the Acme Throwing Company; that the Throwing company got the benefit of the cash paid by the plaintiff to the defendant for the note, and that the note was given to the plaintiff upon the understanding between the Throwing company, the defendant and the plaintiff, that it was to be paid to the plaintiff by the Throwing company or its president.  All testimony offered by the defendant to prove these facts was excluded by the trial court, and this judicial action is now assigned for error.

The question which this assignment presents is whether the contract embodied in a promissory note, by which an accommodation maker obligates himself to pay a fixed amount of money to the holder at a specified date, can be controlled by oral evidence that at the time of the delivery of the note by the maker to the holder it was understood between them that the note was to be paid by a third person for whose accommodation it was drawn, and not by the maker.  This question is not an open one in this state.  In the case of *Wright* v. *Remington*, 12 *Vroom* 48, the defendant signed two notes as surety.  The defence set up was that she signed the notes at

the solicitation of one of the payees, and upon a representation by him that he would look to the maker for payment, and that she (the defendant) would not be obliged to pay them. It was held that no such defence was admissible; that the rule which excluded evidence of contemporaneous parol declarations which tended to vary the terms of a written contract, was applicable in its entire rigor to promissory notes and bills, and that the effect of the offered proof was to change the terms of the contract evidenced by the note. The case went to the Court of Errors and Appeals (14 *Id.* 451) and was there affirmed, the court saying: "It is enough to say that to admit proof of a parol contemporaneous promise on the part of the payee that the defendant should not be called upon to pay the notes, would be in violation of the familiar rule of evidence which excludes parol evidence to contradict the terms of written instruments."

The offered defence was properly excluded, and the judgment under review will be affirmed.