[No. 15434. Department Two. March 17, 1920.]

# BANK OF CALIFORNIA, *Respondent,* v. HENRY W. STARRETT, *Appellant.*[1]

BILLS AND NOTES (1, 18, 135)—SIGNATURE—PARTIES—MAKER OR INDORSER—EVIDENCE—SUFFICIENCY. Defendant's signing of a note on the left side of the bottom opposite the maker's signature, does not give rise to any presumption that he signed as indorser instead of maker, under Rem. Code, § 3408, providing that when a signature is so placed that it is not clear in what capacity the person intended to sign, he is deemed an indorser.

SAME (132-134)—ADMISSIBILITY OF PAROL EVIDENCE TO SHOW THAT MAKER SIGNED AS SURETY. A contemporaneous parol agreement limiting the liability of an accommodation maker of a note by fixing a collateral source of payment is no defense, though the payee knew he was an accommodation party; in view of Rem. Code, §§ 3420, 3551 and 3582, making accommodation parties to a note primarily liable thereon.

BANKS AND BANKING (22)—DEPOSITS—APPLICATION TO DEBTS DUE BANK. A banker holding a depositor's promissory note due on demand may offset the note against deposits, but is not obligated to do so under penalty of having the note considered paid.

Appeal from a judgment of the superior court for King county, Marion Edwards, Esq., judge *pro tempore,* entered February 25, 1919, upon findings in favor of the plaintiff, in an action upon a promissory note, tried to the court. Affirmed.

*Poe & Falknor,* for appellant.

*Kerr & McCord,* for respondent.

FULLERTON, J.—This is an action upon a promissory note of which the following is a copy:

$4,000.                    Seattle, Washington, Mar. 15, 1917.

On demand after date, we jointly and severally as principals promise to pay to the order of THE BANK OF CALIFORNIA, National Association, Four Thousand Dollars for value received, with interest from date at the rate of 6 per cent. per annum payable

[1]Reported in 188 Pac. 410.

monthly until paid. Principal and interest payable in U. S. Gold Coin, at THE BANK OF CALIFORNIA, NATIONAL ASSOCIATION, in this city.

In case of default is made in the payment of this note and the same is placed in the hands of an attorney for collection, we jointly and severally agree to pay five per cent. of the amount then due as attorney's fees, if paid without suit, but if suit be commenced to collect this note, or any part thereof, we jointly and severally agree to pay ten per cent. upon the amount due at the time suit is brought, and in case such suit is prosecuted to judgment, said attorney's fees equal to ten per cent. of the amount then due, shall be included in said judgment, and such judgment shall bear interest at the rate of ten per cent. per annum.

All parties to this note, including guarantors, sureties and endorsers, hereby severally waive presentment, protest, notice of nonpayment and any release or discharge arising from any extension of time of payment or other cause.

[Seal]                      Teller Packing Company,
                             By Henry Teller, Pres.  ·
                                W. T. Hall.

Henry Teller.
H. W. Starrett.

Of the parties to the note, Hall and Starrett alone were served with process. Hall defaulted. Starrett answered, putting in issue by denials the traversable allegations of the complaint and pleading affirmatively the following:

·"Further answering said complaint and as a first affirmative defense thereto, this defendant alleges:

"That, at the time of the execution of the said note described in paragraph 3 of said complaint, this defendant signed the same as an endorser, without consideration, upon the understanding that the plaintiff would collect the amount thereof with interest from the defendant, Teller Packing Company, a corporation, as and when said corporation, which was then engaged in the salmon packing business, should receive money from the sale of its pack.

"(6) That the said note is a demand note, and at diverse and different times since the making thereof, the said Teller Packing Company, has had on general deposit in an open account with the said plaintiff,

from the sale of its pack, large sums in excess of the amount then or at any time due upon the said note, and that this defendant on several occasions notified the plaintiff that the said deposit was on hand, and requested it to make demand upon the said Teller Packing Company, which was primarily liable thereupon for payment of the said note, and to apply so much of said deposit as was necessary to the payment thereof.

"(7) That this defendant further informed the said plaintiff that said Teller Packing Company was in a precarious financial condition, and that defendant might be injured, but that notwithstanding the defendant's request the said plaintiff refused and neglected to make application of said deposit towards the payment of said note or any part thereof, or to do anything proper to protect this defendant in the premises.

"(9) That since the said request was made by this defendant, the said Teller Packing Company has been adjudged bankrupt."

The plaintiff denied generally the affirmative allegations of the answer. On the issues as thus formed a trial was entered upon before the court sitting without a jury, in the course of which the plaintiff put in proof tending to substantiate the allegations of its complaint. The defendant, Starrett, thereupon offered evidence tending to substantiate the averments in his answer. To this evidence an objection was interposed which the court sustained; holding, in effect, that the defendant had signed the note as maker, and could not interpose such a defense, as it was applicable only to a party secondarily liable. Judgment was entered accordingly, from which Starrett appeals.

The first question presented by the record is, in what capacity did the appellant sign the instrument; that is to say, is he a maker or an indorser? It is the appellant's contention that he signed as an indorser. This is founded upon § 17, sub. 6, of the negotiable in-

struments act (Rem. Code, § 3408), which provides that, where a signature is so placed upon an instrument that it is not clear in what capacity the person making the same intended to sign, he is to be deemed an indorser. The only thing unusual in the placing of the signature upon this instrument is that it was placed on the left side of the bottom of the body of the instrument, instead of upon the right, the more usual place for the signatures of makers. But there can be no hard and fast rule in such cases. The exigency of modern business conditions require that houses using commercial paper keep on hand blank forms of such paper as they most commonly use. These forms must be more or less general if they are to serve their purposes, and the result of this practice is that such paper is often found containing matter which is surplusage when applied to the particular transaction. Such forms must also be limited as to size, and only a limited number of spaces can be provided for signatures. When the instrument is a note, and there are more makers than there are spaces for signatures, it is not an uncommon practice for some of them to sign in the blank space to the left of the place prepared for signatures. The original note which is in evidence bears evidence that such was the case here. The names of the corporation maker, together with the name and title of the authenticating officer, with that of another maker, took up all of the available space provided for the signatures, and the appellant, with the other person charged as maker, if they signed upon the note at all, had to sign elsewhere than in the more usual place.

The appellant argues that the place upon which he placed his name on the note is the place usually reserved for witnesses to the signatures of the persons bound by the instrument, and that, for this reason, it is not clear as to the capacity in which he signed. In

a case where the law required the instrument to be authenticated by witnesses, undoubtedly this argument would have force, whether the capacity in which they actually signed was indicated or not, but we think it has little weight where the instrument is a promissory note. The law of this state has never required the signatures of a promissory note to be authenticated by witnesses, and we are not aware that such was ever the rule of the law merchant. There can, therefore, be no presumption that persons so placing their names signed as witnesses, and hence nothing upon which the rule of the statute can seize to charge them as indorsers.

We have been cited to no case, and our own researches have discovered none, where the precise question has been presented. In the case of *Germania Nat. Bank of Milwaukee v. Mariner,* 129 Wis. 544, 109 N. W. 574, it was discussed somewhat, but the real question there presented and determined was whether the defendant was bound upon the note at all, not whether he should be bound as a maker or as an indorser. Our own case of *Handsaker v. Pederson,* 71 Wash. 218, 128 Pac. 230, also touches the question. In that case, certain parties to the note claimed they were not makers but only indorsers, and the fact that they signed the note in the lower left hand corner was relied upon as a circumstance indicating their purpose. We there said that this circumstance, "if worthy of consideration at all," was overcome by certain parol evidence introduced at the trial. This case, it is true, is not conclusive of the question, but it is clear that, in so far as it has bearing, it sustains the conclusion we here reach, namely, that a person so placing his signature upon a note signs as maker rather than as an indorser.

Since the appellant signed the note as maker and not as an indorser, can he show in defense of an action

against him upon the note the matter alleged in his affirmative answer? By the terms of the negotiable instruments act, an accommodation party to a note is primarily liable thereon. His engagement is to pay the note according to its tenor, and is so holden to the payee even if, at the time of taking it, the payee knew he was but an accommodation party. Rem. Code, §§ 3420, 3551, 3582. While the rule is not uniform even in those states which have adopted the negotiable instruments act, it is generally held that a contemporaneous parol agreement limiting the liability of such a maker, or fixing a collateral source of payment, is not available as a defense. Such was our holding in *Van Tassel v. McGrail*, 93 Wash. 380, 160 Pac. 1053, where a number of our cases to the same effect will be found collected. See, also, *Bradley Engineering & Mfg. Co. v. Heyburn*, 56 Wash. 628, 106 Pac. 170, 134 Am. St. 1127. To permit the agreement pleaded to be shown would, therefore, be a violation of the parol evidence rule as we have heretofore announced it.

The appellant argues, further, that, where a banker holding a promissory note due on demand receives on deposit from a maker of the note funds sufficient to satisfy it, it is obligated to apply the funds in satisfaction of the note. There are cases which maintain this principle as to one secondarily liable on the note, but it is not the rule as to a maker of the note, or as to one otherwise primarily liable thereon. A bank is entitled, undoubtedly, to set off against a deposit account the amount of a due note held by it against the depositor, but it is not obligated so to do under the penalty of having the note considered as paid.

The judgment is affirmed.

HOLCOMB, C. J., MOUNT, MACKINTOSH, and BRIDGES, JJ., concur.