[No. 17151.   Department Two.   September 20, 1922.]

MacCALLUM-DONAHOE FINANCE COMPANY, *Appellant,*
v. R. H. DEVOE, *Respondent.*[1]

BILLS AND NOTES (132)—EVIDENCE (168)—COLLATERAL AGREEMENT
LIMITING LIABILITY—PAROL EVIDENCE. In the absence of fraud or
mistake, the maker of a note, payable to his order and negotiated,
cannot show by parol a collateral agreement with his immediate
transferee that it was not to be further negotiated or transferred,
and that time for payment was to be extended.

SAME. In such a case, the collateral agreement could not be
proved against a subsequent holder who took with notice thereof,
since he would stand in the same position as the first transferee.

Appeal from a judgment of the superior court for
Yakima county, Nichoson, J., entered March 9, 1921,
upon the verdict of a jury rendered in favor of the de-
fendant, in an action on a promissory note.   Reversed.

*George H. Mullins* and *George L. Spirk,* for appel-
lant.

*Grady, Shumate & Velikanje,* for respondent.

MACKINTOSH, J.—The respondent executed a promis-
sory note on May 28, 1920, in the sum of $1,250, payable

[1]Reported in 209 Pac. 514.

ninety days after date, and payable to the order of himself. This note was given to the Puritan Rubber Company in payment of stock. That company gave the note to one of its salesmen in payment of money due him from the company, and he subsequently, before the maturity of the note, delivered it to the appellant as part payment on the purchase price of an automobile. This action is to recover the amount of the note, which is unpaid. In answer to the appellant's action, the respondent attempted to prove that, at the time of the sale by the company's agent, who afterwards became the holder of the note, a verbal understanding was entered into between the company and himself that the note was not to be negotiated or transferred by the Puritan Rubber Company, and if the respondent could not pay it at the time when due, then it should be extended. There is no allegation of fraud or mistake by the respondent, and this collateral agreement, of course, was not provable in defense of the action on the note, for the law is as stated by us in *Moore v. Kildall,* 111 Wash. 504, 191 Pac. 394:

"This court in a number of cases has stated the rule to be . . . that, in the absence of fraud or mistake, it is incompetent for one who signs a promissory note as principal to set up an independent collateral agreement limiting or exempting him from liability. He is bound by the terms of his obligation. . . . 'To permit the agreement pleaded to be shown would, therefore, be a violation of the parol evidence rule as we have heretofore announced it.' "

See, also, *Bradley Eng. & Mfg. Co. v. Heyburn,* 56 Wash. 628, 106 Pac. 170, 134 Am. St. 1127; *Anderson v. Mitchell,* 51 Wash. 265, 98 Pac. 751; *Van Tassel v. McGrail,* 93 Wash. 380, 160 Pac. 1053; *Bank of California v. Starrett,* 110 Wash. 231, 188 Pac. 410, 9 L. R. A. 177.

The respondent recognizes this rule and its applica-

bility but seeks to avoid it on the theory that the agent of the Puritan Rubber Company, into whose possession the note came, acquired no title to it, for the reason that he was cognizant of the verbal agreement between the company and the respondent, and that the appellant was not a holder in due course for the reason that it had notice of the defect of title of the agent of the Puritan Rubber Company, being apprised of that defect at the time that he called upon the respondent to ascertain whether he had signed the note and was advised at that time of those facts, and that thus he was put on inquiry as to the authority of the agent to negotiate the note to the appellant, and that, being in possession of these facts before it accepted the note, the appellant was not a holder in good faith.

The respondent's argument is based somewhat upon the assertion that the agent of the Puritan Rubber Company had improperly obtained possession of the note, and that it, therefore, in fact had never been transferred to him. The statement of facts does not warrant such a contention. In its final analysis, the argument of the respondent is that, although the collateral oral understanding was not provable as between the respondent and the Puritan Rubber Company, that it was provable against subsequent holders of the note. This note was issued in effect payable to bearer and passed without endorsement. If the collateral oral agreement was not a defense as between the respondent and the person to whom he originally gave the note, it certainly was never a defense against any subsequent holder. To allow it as a defense would be to violate the rules as to parol evidence and the law of negotiable instruments. It can make no difference that the agent of the rubber company or the appellant may have had knowledge of such oral agreement. Their knowl-

edge was not greater than the knowledge of the rubber company, and that which would be no defense by the respondent in a suit by the rubber company against him on the note would certainly be no defense against the rubber company's agent or the appellant to whom that agent sold the note.

The trial court was in error in allowing this defense to be submitted to the jury, and there being no other defense to the action the judgment is reversed, with instructions to enter judgment in favor of the appellant.

MAIN, HOLCOMB, TOLMAN, and HOVEY, JJ., concur.