Submitted on briefs January 9, affirmed February 6, 1923.

## PUTNAM v. CHASE.

(212 Pac. 365.)

**Bills and Notes—Defense That Note Accommodation Paper, Good as Against Payee.**

1. In a suit on a note, the defense that the defendant was an accommodation maker is maintainable where the payee of the note is the plaintiff.

**Bills and Notes—Defense of Accommodation Note not Available Against Representatives of Insolvent Bank.**

2. Where a bank commissioner or other statutory receiver takes over the assets of an insolvent bank for the purpose of liquidation, the defense that a note sued upon by such officer was an accommodation note is not available, and the maker of such a note to deceive the bank examiner into a false finding as to the sufficiency of the bank's assets is estopped from asserting such defense.

**Estoppel—Where Matter Constituting Estoppel Appears on Face of Pleading Unnecessary to Urge It by Technical Plea.**

3. Where the matter constituting an estoppel appears on the face of the pleading, it is not necessary to urge it by way of a technical plea.

**Bills and Notes—Showing That Amount Recoverable on Accommodation Note was Necessary for Complete Liquidation of Insolvent Bank Held Unnecessary.**

4. In an action by the bank commissioner in behalf of an insolvent bank on a note, where the defense was that the note was an accommodation note given to the bank without consideration, for

---

2. On validity of obligation given bank as affected by concealment of illegal transactions, see notes in 26 L. R. A. (N. S.) 993; 34 L. R. A. (N. S.) 105; L. R. A. 1916A, 1218.

the purpose of increasing its apparent assets, and tiding over its financial difficulties, and making a satisfactory showing to the bank examiner, under the promise that the maker would not be held therefor, it was not necessary for plaintiff to show that the amount of the note in suit was necessary to liquidate the indebtedness of the bank, in view of the allegation that the bank was insolvent, and evidence that, when completely liquidated, the assets would not pay more than forty-five cents on the dollar.

From Douglas: JAMES W. HAMILTON, Judge.

In Banc.

Hay as bank commissioner of the State of Washington brought this action against Chase to recover upon a promissory note for $3,700, executed by Chase on March 28, 1911, in favor of the First International Bank of South Bend, Washington, and bearing interest at the rate of 8 per cent per annum. Benjamin B. Putnam purchased this claim and succeeded Hay as plaintiff here.

The complaint alleges the plaintiff Hay's official character and states that as such bank commissioner he had succeeded to the title and was the owner and holder of all the notes and other securities belonging to said bank; and that said bank became insolvent and failed in business on July 19, 1915. It is further alleged:

"That under and by virtue of the laws of the State of Washington, it is the duty of the bank commissioner of said state to take possession of all of the assets of insolvent banks in said state and to liquidate the same. That under and by virtue of said laws, the plaintiff is in possession of the assets of said First International Bank of South Bend, including the note hereinabove set forth.

"That on the nineteenth day of July, 1915, the duties of the office of bank commissioner were performed by the bank examiner in said state; that since that date the office of bank commissioner has been created by an act of the legislature of the State of Washington, and the duties theretofore performed

by the bank examiner devolved upon the bank commissioner by virtue of said act.''

The defendant answered, admitting the execution of the note but denying every other allegation of the complaint excepting the corporate existence of the First International Bank of South Bend. For an affirmative defense, the following was pleaded:

''That at Portland, State of Oregon, on the twenty-eighth day of March, 1911, at the instance and request of the First International Bank of South Bend, Washington, for its accommodation and for the purpose of increasing its apparent assets, and tiding over financial difficulties, and making a satisfactory showing to the bank examiner, and without any consideration whatsoever therefor, and under the promise made at the time by said bank to him that he would not be bound or held therefor, nor assume any liability therefor whatsoever by reason thereof, the defendant made, executed and delivered to said bank, the promissory note described in plaintiff's complaint and not otherwise.

''That defendant never received any consideration of any kind or nature whatsoever for said note, and the same was and is null and void.

''That plaintiff holds said note, if at all, as the legal representative of said bank, and as trustee for the stockholders thereof, and not otherwise, and in such capacity he sues upon the same.''

To this the plaintiff replied as follows:

''Comes now the plaintiff above named, and for his reply to the separate and further answer and affirmative defense of the defendant to the plaintiff's cause of action, admits that the plaintiff holds the note set out in plaintiff's complaint in his capacity as bank commissioner of the State of Washington, but denies that plaintiff holds same as trustee for the stockholders or otherwise than as stated in plaintiff's complaint, and denies each and every allegation in said further and separate answer and affirmative defense.''

Thereafter the cause was tried to a jury, which found for the defendant, and on the same day a judgment was rendered on said verdict. The plaintiff thereupon filed a motion to set aside the verdict and judgment, which was sustained by the court, the reason for the ruling thereon being set forth in an opinion, from which the following is an excerpt:

"The execution of the note is admitted. The defense pleaded is that the defendant was an accommodation maker, and that the note was executed at the request of an officer of the bank in order that it might make the assets of his bank appear better and more valuable, and alleges that therefore the note was without consideration. I am inclined to the opinion that the defense alleging the facts that a note was given merely to make the assets of the bank appear better is not available where creditors of the bank would be adversely affected by such defense. It is a question in pleading whether this fact should be negatived by the answer before it may be said a complete defense is tendered. However, the term 'insolvency' denotes an inability to pay in the regular course of business, which would create a presumption of necessity to apply the assets of the insolvent estate in liquidation. It would seem that any fact which is to form an exception to the rule, that the subject in controversy would ordinarily be subject to disposal as assets of the insolvent estate, should be set forth in the answer. In the evidence before the jury there was sufficient to make it appear that the defense was unavailable.

"In the trial there was evidence allowed to go to the jury tending to show that whatever indebtedness had existed between defendant and the insolvent estate had been settled and paid.

"There was no pleading on the part of the defendant indicating such defense, and I believe this testimony under the pleadings was too remote and inadmissible. If this is true, its reception was prejudicial to the rights of plaintiff.

"The pleadings by both plaintiff and defendant were not well drafted to present the material issues presented in the trial. For these reasons a new trial should be granted."

From the order of the court granting a new trial the defendant appeals.        AFFIRMED.

For appellant there was a brief over the names of *Mr. James O. Watson* and *Mr. J. H. Napier.*

For respondent there was a brief over the name of *Mr. O. P. Coshow.*

McBRIDE, C. J.—1. There is authority for the proposition that if the bank itself had been the plaintiff, the defense last herein interposed could have been maintained: *Agricultural Bank* v. *Robinson,* 24 Me. 274; *First Nat. Bank* v. *Felt,* 100 Iowa, 680 (69 N. W. 1057).

2. It seems, however, to be well settled by the great weight of authority that where a bank commissioner or other statutory receiver takes over the assets of an insolvent bank for the purpose of liquidation, such defense is not available and the maker of a note given, as this one confessedly was, to deceive the bank examiner into a false finding as to the sufficiency of the bank's assets, is estopped from asserting such defense: *State Bank of Pittsburg* v. *Kirk,* 216 Pa. St. 452 (65 Atl. 932); *Lyons* v. *Benney,* 230 Pa. St. 117 (79 Atl. 250, 34 L. R. A. (N. S.) 105); *Moore* v. *Kildall,* 111 Wash. 504 (191 Pac. 394).

The distinction between that class of cases where the action is brought by a solvent bank and the second class where the action is instituted by a receiver of an insolvent concern, seems to be that in cases where the solvent bank is the plaintiff both parties

are equally in fault, and such being the case, the maxim *"In pari delicto potior est conditio defendentis"* should be applied; while in the latter case, creditors or depositors who are not *in pari delicto* with the original wrongdoers have a right to say that he who executed his note for the express purpose of perpetrating a fraud should not be heard to assert that fact in order to evade the consequences which his unlawful act has brought upon him.

This rule is in accordance with good morals and sound public policy, and if rigidly enforced by the courts, will do much to prevent the practice indicated in defendant's answer, a practice all too frequent, as indicated by the authorities cited by counsel.

The defendant in effect says by his answer, "It is true that I signed and delivered the promissory note described in the complaint, but it was without consideration and was made with the intent to increase fictitiously the apparent assets of the bank and thereby deceive the bank examiner."

3. It is urged on behalf of defendant that there is no plea of estoppel in plaintiff's reply and that as estoppel to be available should be pleaded, the objection of plaintiff cannot be sustained here. But it is also the law that where the matter constituting the estoppel appears on the face of the pleading it is not necessary to urge it by way of a technical plea; and such is the case here.

4. It is also contended by counsel for defendant that the complaint should show that the amount of the note in suit is necessary to liquidate the indebtedness of the bank; but there is no logic in that proposition. So to hold would require the plaintiff in this action at law to go into a long accounting before a jury, to marshal the assets and liabilities,

and to estimate the possibilities or probabilities of collecting claims of doubtful value, and matters of that character. The law does not require plaintiff to do this. The allegation is that the bank is insolvent. The evidence is that when completely liquidated the assets will not pay more than forty-five cents on the dollar. This action bears no relationship to those cases wherein the creditors after exhausting all the assets bring suit to collect unpaid subscriptions to capital stock or to enforce a double liability. It is a plain action on a promissory note, to which the defendant has interposed the unconscionable defense that the paper was given to trick and deceive a public official as to the financial standing of a bank which it was his duty to examine. With this fact conceded, it was the duty of the defendant to show that there were funds sufficient to meet the demands of innocent creditors without collecting the note here sued upon. It may well be doubted whether he would even be permitted to do this, and the concession of that right is merely an assumption for the purposes of this discussion.

As to the other point upon which the court based its decision, we are of the opinion that it was not well founded. In the course of the testimony it was developed that during the course of business the defendant had large dealings with the bank and had been heavily indebted to it, and from this the jury might have fairly inferred in the absence of explanation that the note in suit was given to cover that indebtedness. It was therefore entirely proper for defendant to explain that the indebtedness so incurred had no connection with the note in suit, but had been discharged by the assignment of certain

property belonging to defendant, as related in his testimony.

But upon the first ground mentioned in the order we are of the opinion that the Circuit Court was clearly justified in granting a new trial, and its ruling is therefore affirmed.                         AFFIRMED.