[No. 18858.   Department One.   December 10, 1924.]

*In the Matter of the Estate of* AARON J. SHAPIRO, *Deceased.*

ABRAHAM ROSE, *as Executor etc., Appellant,* v. KATE SHAPIRO *et al., Respondents.*[1]

WILLS (70, 74)—CONSTRUCTION—ESTATES CREATED—TESTAMENTARY POWERS. A will making a bequest to a son, and in another paragraph appointing a "guardian and trustee of all the estate of said son" vests the title in the son and appoints an executor and a testamentary guardian, rather than creating an estate in trust.

GUARDIANS (1)—APPOINTMENT—RESIGNATION OF TESTAMENTARY GUARDIAN. A testamentary guardian of a minor, who was never appointed as such but had been acting as executor, may "resign" as guardian, and the court may appoint another as guardian; especially in view of Rem. Comp. Stat., § 1579, authorizing the court to "remove" a guardian for good and sufficient cause and appoint another in his place.

Appeal from an order of the superior court for Pierce county, Card, J., entered November 22, 1922, appointing a guardian for a minor, after a hearing before the court. Affirmed.

*H. W. Lueders,* for appellant.

BRIDGES, J.—In March, 1921, Aaron J. Shapiro died, leaving a will, executed in November of the previous year. He gave to his wife (who survived him) his life insurance carried in the Equitable Life Insurance Society, amounting to $2,000; he gave to his son (who

[1]Reported in 230 Pac. 627.

also survived him) the insurance carried by him in the New York Life Insurance Company, for $2,000, payable to his estate; but provided that this money should be left with the insurance company for the benefit of the son until he arrived at the age of twenty-one years, and that he should receive all interest and income therefrom during that period. He also gave to his son any other property of which he might die possessed. The will is, we think, in effect a non-intervention one, but as will be later seen it was settled by the court. Paragraph 7 of the will appointed Abraham Rose

" . . . as executor and trustee of my estate and of this my last will and testament to carry out the terms imposed upon him by these presents and direct he shall not be required to give bond as such executor of my will."

By paragraph 8 undertook to appoint Mr. Rose,

" . . . as guardian and trustee of all of the property herein devised to my beloved son, Stanford J. Shapiro, and of all the property and estate of my said son and hereby direct that he shall not be required to give bond," and shall have power to invest the funds so as to bring in as much income as possible with the

" . . . right to manage, handle and control the funds herein devised to him as such trustee and guardian without the interference of any person. Having full confidence in the honesty and integrity and business ability of the said Abraham Rose I hereby clothe him with the same powers I myself might have in the same premises were I alive."

This controversy is largely over the property given to the son and the management thereof. The respondents have not made any appearance in this court.

While the last paragraph quoted, in places, seems to indicate that the property intended for the benefit of

the son is given to Mr. Rose, as trustee and guardian, yet the will cannot be construed to have that effect, because a prior paragraph expressly gave the property to the son, and immediately upon the death of the testator this property belonged exclusively to him. It is clear to us that it was the intention of paragraph 7 first above quoted to make Mr. Rose the executor of the will, notwithstanding the expression therein that he is made "executor and trustee" and that the manifest purpose of paragraph 8 was to appoint Mr. Rose the guardian of the property of the son, who was a minor. Looking at the matter in this way, we have a will which undertakes to make Mr. Rose the executor and testamentary guardian of the property of the son.

In due course, the will was probated, and Mr. Rose was appointed executor and proceeded to the settlement of the estate. Ultimately he filed his final account; and, after notice given, the same was by the court settled and the property distributed according to the terms of the will, the decree providing that the New York Life Company insurance and a small amount of other personal property should be, and was, distributed to the son. From a reading of the testimony, it would appear that Mr. Rose at all times had acted not only as executor of the will but also as guardian or trustee of the property of the child, up until the hearing on the final report, and the court seems to have assumed that this condition of affairs existed. A careful examination of the record fails to disclose that he was ever appointed guardian. However, at the time of the hearing on the final report, some dissatisfaction seems to have arisen concerning Mr. Rose as guardian of the estate of the child, and the court announced that he thought someone else should be appointed to take care of the property of the minor. Thereupon Mr. Rose

consented to resign as "executor, trustee and guardian," provided the Bank of California of Tacoma, was appointed in his stead. Plainly, the intention of both Mr. Rose and the court was that the former should resign as guardian and trustee of the minor only, and not as executor of the estate, because the very order which appointed the bank settled the estate of the deceased and discharged Mr. Rose as executor.

It is our view that Mr. Rose never became guardian or trustee of the property of the minor son. It is probable that the testator undertook to appoint him as such, but apparently such appointment was never confirmed by the court. Section 1580, Rem. Comp. Stat. [P. C. § 9912], provides as follows:

"When either parent is deceased, the surviving parent of any minor child may, by his last will in writing appoint a guardian or guardians for his minor child, whether born at the time of making such will or afterwards, to continue during the minority of such child, or for any less time, and every such testamentary guardian shall give bond in like manner and with like conditions as hereinbefore required, and he shall have the same powers and perform the same duties with regard to the person and estate of the ward as a guardian appointed as aforesaid [that is, by the court]."

It would seem that there may be a testamentary guardian only by the will of the surviving parent, and that he shall give bond and be subject to the same restrictions as a non-testamentary guardian. It therefore seems to us that there was no guardian of the minor child prior to the appointment of the bank. The entire complaint here is that the court appointed the Bank of California as guardian. But if we assume, as the appellant does, that prior to the appointment of the bank he was the guardian, then we cannot accept his view that the court had no power to remove him or cause him to resign and appoint someone else in his

stead. This the court has always power to do under proper circumstances. It is true it may not arbitrarily remove a guardian or appoint someone else in his stead, but § 1579, Rem. Comp. Stat. [P. C. § 9911], provides that "The court in all cases shall have power to remove guardians for good and sufficient reasons, which shall be entered of record, and to appoint others in their place. . . . " The trial court had this whole matter before him and heard and saw the witnesses and we cannot say that he abused his discretion or the authority given him by statute in removing the appellant as guardian (if such were done) and appointing someone else in his stead. The judgment is affirmed.

MAIN, C. J., HOLCOMB, TOLMAN, and PARKER, JJ., concur.