[No. 18726. Department One. February 11, 1925.]

*In the Matter of the Guardianship of*
HENRIETTA GREEN, *Incompetent.*

THOMAS N. MORRIS, *Respondent,* v. HENRIETTA GREEN
*et al., Appellants.*[1]

GUARDIAN AND WARD (3)—PROCEEDINGS FOR APPOINTMENT—OBJECTIONS. Upon appeal from the appointment of a guardian, error in overruling objections to an applicant who was not appointed is immaterial.

SAME (3). Where the court has appointed a suitable and proper person as a guardian, error cannot be predicated on failure to take testimony as to the present condition of the incompetent, or as to the suitability of some other person.

APPEAL (135) — PRESERVATION OF GROUNDS — MOTION TO VACATE JUDGMENT. The appointment of a suitable person as guardian for an incompetent, after a hearing on applications of various persons none of whom were appointed, without notice to the incompetent or her attorney, was at most a mere irregularity, and will not be reviewed on appeal in the absence of any motion to vacate it.

Appeal from an order of the superior court for Pierce county, Askren, J., entered November 7, 1923, appointing a guardian for an incompetent person. Affirmed.

[1] Reported in 232 Pac. 689.

*H. W. Lueders*, for appellants.

*Burkey & Burkey* and *J. F. O'Brien*, for respondent.

MAIN, J.—This is an appeal from an order appointing Thomas N. Morris guardian of the person and estate of Henrietta Green, an incompetent person. When the case was before us upon the former appeal (125 Wash. 570, 216 Pac. 843), the order appointing Nellie R. Payne guardian was reversed. It was there held, under the evidence, that a guardian was necessary, and the cause was remanded with instruction to revoke the appointment of Mrs. Payne and to appoint some suitable and discreet person in her stead. After the remittitur was filed in the superior court, Loretta P. Miller and Mary A. Everill, through their attorney, renewed their request for the appointment of W. G. Rowland as guardian. Nellie R. Payne and Richard Dasher, niece and nephew of the incompetent, requested the appointment of Arthur A. Miller. H. W. Lueders renewed his request for his own appointment, saying that this was desired by the incompetent. The matter came on regularly before the court. Mr. Lueders objected to the appointment of Mr. Rowland, and at the same time urged his own appointment. The court, after hearing the parties, stated that it would not appoint any of the persons suggested, but would appoint some other suitable and proper person, and thereupon announced that it would appoint one Arvid Rydstrom. Mr. Rydstrom refused to accept the appointment and the court then appointed Thomas N. Morris, who has qualified. This appeal is from the order appointing Mr. Morris.

The first assignment of error is that the court erred in refusing to overrule the objections made to the appointment of Mr. Rowland. This question is now entirely immaterial, as Mr. Rowland was not appointed

and whether those objections were formally overruled or not cannot make any difference.

The second assignment of error urged is the refusal of the court to take testimony as to the present condition of Henrietta Green, and also as to the discreetness and suitability of Mr. Lueders for the place. The request upon which this assignment of error was based was not made until after the court had announced that it would not appoint any of the persons petitioned for by the respective parties, but would appoint some other person. The request made, as it appears in the statement of facts, was not to take testimony as to the then mental condition of Mrs. Green, but was that the court take evidence as to the "merits of the respective persons asked to be appointed." The question of Mrs. Green's mental capacity was discussed upon the former appeal and, as already indicated, it was the view of the court that a guardian should be appointed for her. The court in the exercise of its discretion appointed Mr. Morris, and in the absence of a showing that he was not a suitable and proper person, there is nothing upon which to predicate abuse of discretion.

A considerable portion of the appellants' brief is devoted to an argument in support of the request that Mr. Lueders be appointed, and it is urged that the court should have taken testimony as to his qualifications for the appointment. There was no error in this respect, because the court had a right to appoint any suitable and proper person, having in mind that which would best promote the comfort and welfare of the incompetent as well as preserve the estate. Mr. Lueders was the executor under the will of Frances Green, deceased, and Mrs. Henrietta Green, the incompetent, was a beneficiary. The administration of that estate had not been closed and the estate had not been

distributed. It may be that the court thought that, if Mr. Lueders were appointed, a question might arise where his interest as guardian in one estate might not be in harmony with his interest as executor in the other. In any event, so far as this record shows, Mr. Morris was a suitable and proper person to be appointed, and there appears to be no reason why the appointment should not be sustained.

Finally, it is claimed that it was error for the court to appoint Mr. Morris without the knowledge or consent of Mrs. Green or her attorney. When the order was signed making that appointment, the parties were not present and Mrs. Green's attorney was not present, but if notice was necessary before making this appointment, the making of it without such notice was a mere irregularity. This is not a case where no notice was given when the action was instituted. The parties were before the court and the court had jurisdiction of them and of the subject-matter. No motion was made to vacate the appointment of Mr. Morris on the ground of irregularity, and in the absence of such a motion the order cannot be reviewed upon appeal. *State ex rel. Hennessy v. Huston,* 32 Wash. 154, 72 Pac. 1015; *Gordon v. Hillman,* 105 Wash. 529, 178 Pac. 625.

The judgment will be affirmed.

TOLMAN, C. J., HOLCOMB, PARKER, and BRIDGES, JJ., concur.