[No. 19325.  Department Two.  August 24, 1925.]

*In the Matter of the Guardianship of* ELIZABETH REED DODSON, *Incompetent.*[1]

VENUE (20)—CHANGE OF JUDGES—TIME FOR DEMAND. A guardian is not entitled to a change of judges upon a petition filed for his removal where it was not his first appearance in the guardianship proceedings.

GUARDIANS (1, 3)—APPOINTMENT—JURISDICTION—PROCEEDINGS. A guardian is properly removed where he was appointed to act with another who could not cooperate with him and refused to qualify, and it was charged that he was unsatisfactory to the ward and was not disinterested.

Appeal from an order of the superior court for Spokane county, Webster, J., entered January 28, 1925, canceling the appointment of guardians, after a hearing before the court on the merits. Modified.

*O. C. Moore* and *D. R. Glasgow,* for appellant.

*McCarthy, Edge & Lantz,* for respondents.

[1]Reported in 238 Pac. 610.

HOLCOMB, J. — The lower court, on petition of Aubrey T. Dodson and John W. Dodson, appointed both of·them guardians of the person and estate of their mother, Elizabeth Reed .Dodson, after finding that she was incompetent. Mrs. Dodson had been injured in an automobile accident and she and her son, appellant here, were conducting negotiations for settlement of the claim. This son had represented to the attorney for the automobile owner, or his insurer, that his mother was incompetent. The attorney, while doubtful of her incompetency, thereupon required that a guardian be appointed before the settlement would be made. Appellant then informed his mother and brother that the insurer of the automobile owner would not make settlement unless a guardian be appointed. Thereupon the application was made by the two sons jointly, and an order made appointing them.

Appellant qualified and filed his oath and bond on November 14, 1924. The other son and petitioner did not qualify. A few days later, appellant petitioned the court for a modification of the order appointing the two sons as guardians, setting forth that the other son had failed and refused to qualify. That petition was denied by the same judge who heard this matter, November 20, 1924. Eight days later, Mrs. Dodson and her son John W. Dodson petitioned the court to revoke the order appointing a guardian, alleging that there was no necessity therefor; or, in the alternative, to discharge appellant as guardian, alleging that the petition had been filed because of misrepresentations on the part of appellant, and that the allegations made therein were not true, and alleging that appellant, if continued as guardian, would permit his personal interest to conflict with his duties as guardian. It was also alleged that the order appointing the guardians

was made by the court in the belief that John W. Dodson would act as one of the guardians, she consenting to such guardianship; but that he could not cooperate with appellant. It was also alleged that Mrs. Dodson objected to appellant acting as her sole guardian, or at all.

Upon the filing and service of the petition, appellant demurred, which demurrer was filed December 3, 1924, and was overruled on December 6, 1924. Appellant answered on December 4, 1924, and at the same time filed a motion supported by affidavit for a change of venue from the department presided over by Webster, J., in which the proceeding was pending. On the same day, an order was entered denying the motion for a change of judge.

Thereafter the issues framed by the petition and answer were brought on for hearing before Webster, J. After several adjourned hearings, on January 28, 1925, an order was entered cancelling the appointment of both appellant and John W. Dodson as guardians and directing that letters of guardianship issue to the Union Trust Company.

The first alleged error is upon the court's denial of a change of judge. It is contended by appellant that this is an action or proceeding in which, under the statute, Rem. Comp. Stat., § 209 [P. C. § 8545], a change of venue may be had. It is also claimed that this is an adversary proceeding.

While the order appealed from herein resulted from an adversary proceeding by way of a petition for the removal of appellant, nevertheless a guardianship proceeding is a continuing matter, and any proceeding in it is subject to the general supervision, direction and control of the court making the appointment. Rem. Comp. Stat., § 1572 [P. C. § 9904]; Session Laws of 1923, ch. 72, p. 222.

The power to remove a guardian and appoint a successor "for good and sufficient reasons" rests at all times in the court having jurisdiction of the probate matter. Rem. Comp. Stat., § 1596 [P. C. § 9813]. It says: "The court in all cases shall have power to remove guardians for good and sufficient reasons, which shall be entered of record."

*In re Shapiro's Estate,* 131 Wash. 653, 230 Pac. 627.

It is true, the order in this case contains no reason for the removal of the guardian, although the record contains ample reasons. If there can be a change of venue or judge in such a proceeding as this, there can be in any probate proceeding, at any step thereof when some person interested in the matter conceives or imagines that the judge having jurisdiction thereof is prejudiced against him. Appellant had presented a similar petition to the same judge, and the relief was then denied a few days before the present petition was filed. His application was not made for a change "upon his first appearance in the matter," as was the case in *Bedolfe v. Bedolfe,* 71 Wash. 60, 127 Pac. 594, relied upon by appellant. The cases cited upon petitions in juvenile proceedings or in divorce suits have no application to a matter of this kind. A change of venue was properly denied.

On the merits, after examining the evidence and record in the case, there is no doubt that the court exercised proper discretion in granting a change of guardian. Upon making such change, the court could remove the guardianship from any antagonistic person or influence and place it in an entirely disinterested person or corporation authorized by law so to act. *In re Green,* 132 Wash. 627, 232 Pac. 689. In fact, on the record, we would be inclined to believe that the court would have abused its discretion had it not removed appellant as guardian. *In re Green, supra.*

The order entered, however, was not sufficient, but that is a mere irregularity which can yet be corrected. No reason was given in the order as filed for the removal of appellant as guardian, but the court, at the conclusion of the hearing, stated that it had heretofore appointed appellant and John W. Dodson as guardians for the reason that it was believed they would both act, and were satisfactory to Mrs. Dodson; that it appeared from the evidence in the case, and especially that of Mrs. Dodson, that she is disturbed and unhappy by reason of appellant's guardianship over her; that she is suspicious of him, and that she will not have any business transactions with him.

Since this is a case where it appears that Mrs. Dodson is but slightly incompetent, if at all, that being under the authority and control of appellant would be exceedingly unpleasant and unsatisfactory to her, and that she is suspicious of him, the order removing appellant and appointing another as guardian should so state.

It is therefore ordered that, upon the filing of the remittitur herein, the order appointing the guardian be supplemented and amended to so state.

In all other respects the order appealed from is affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MITCHELL, JJ., concur.