[No. 26206. Department Two. July 22, 1936.]

## In the Matter of the Guardianship of John A. Hemrich, *Incompetent.*

Anita M. Hemrich *et al., Appellants,* v. First National Bank of Seattle *et al., Respondents.*[1]

[1]Reported in 59 P. (2d) 748.

*F. C. Kapp,* for appellants.

*Poe, Falknor, Falknor & Emory,* for respondent First National Bank of Seattle.

*S. H. Kelleran,* for respondent Rathbun.

MAIN, J.—There are here for consideration three separate appeals which have been consolidated for hearing and determination.

June 4, 1934, Anita M. Hemrich was appointed guardian of John A. Hemrich, an incompetent person, and duly qualified as such. The respondent First National Bank of Seattle held promissory notes signed by the ward as maker sometime prior to the guardianship. One of the notes was also signed by a corporation of which he owned practically all of the stock. The bank presented its claim, based on the notes, to the guardian, which was neither allowed nor disallowed within the thirty days provided by statute. Thereafter, the bank began two separate actions on the notes, which resulted, on June 29, 1935, in judgments in an aggregate amount in excess of $54,000. From both of these judgments, the guardian appealed, giving a cost bond, but no supersedeas bond.

July 25, 1935, and after the appeals had been taken, the bank filed a petition in the probate court asking that the guardian be required to sell certain property of the estate in satisfaction of its judgments. This application was resisted by the guardian, but resulted in the entry of an order on November 2, 1935, directing the sale of the assets in question, from which order the guardian gave notice of appeal, perfecting the same by giving a bond for costs.

The guardian did not proceed with the sale as ordered, and the bank, on November 22, 1935, filed a petition asking her removal. The hearing on this

application resulted in an order directing the guardian to give a supersedeas bond upon the bank's judgments, and authorizing her to pledge the property of the estate for such purpose, and providing that in default, an order would be entered removing her and appointing another guardian in her stead. December 23, 1935, such an order was entered, from which she appealed.

The first guardian appointed declined to serve, and an order was entered appointing Samuel F. Rathbun as guardian, who qualified as such. He, not being content to proceed with the sale of the assets on the preceding order, filed another petition for the sale of the same, and an order was entered directing the sale, from which the former guardian appealed.

As above stated, these three appeals were consolidated. Since these appeals were taken, the prior appeal from the two judgments of the bank, above mentioned, had been heard in this court and the judgments affirmed. *First National Bank v. Hemrich,* 186 Wash. 499, 58 P. (2d) 827.

Whether the appeal by the guardian from the bank's judgments, without the giving of a supersedeas bond, operated to stay a sale of the assets of the guardianship, depends upon the statute of this state and the decisions of this court. Decisions from other states upon the question, where the statutory provisions are different, are not helpful in determining the question.

Rem. Rev. Stat., § 1722 [P. C. § 7296], in part, provides that an appeal shall not stay proceedings "on the judgment or order appealed from or on any part thereof," unless there shall be a bond conditioned that the appellant will satisfy and perform the judgment or order appealed from in case it shall be af-

firmed. It will be noted that the statute says ''judg-' ment or order.''

Referring to this statute in *Fisher v. Seattle Trust Co.*, 109 Wash. 257, 186 Pac. 649, it was said:

''There is no warrant, under the statutes of this state, for impounding a fund in court after judgment directing its payment, except upon the giving of a supersedeas bond, which is intended, among other things, to protect a successful litigant from the loss of interest while he is kept out of the use of his money.''

In *Cunningham v. Mitchell*, 126 Wash. 294, 218 Pac. 386, it was said:

''On December 22, 1920, Miss Bowen filed her claim in the bankruptcy proceedings for the indebtedness owing her upon the judgment above mentioned. Rury, by his attorney, this appellant, objected to the allowance of that claim on the sole ground that the judgment had been appealed from by Rury to this court, wherein a reversal was being sought. For this reason alone, the referee in bankruptcy delayed the formal approval of Miss Bowen's claim, though the judgment of the superior court had in no manner been superseded pending the appeal; and it was, therefore, at that time, enforcible as fully as though no appeal had been taken therefrom.''

The statute makes no exceptions in case the appeal is taken by a guardian, and the cases cited indicate that no such exception was intended. From this, it follows that the guardian was disobeying an order of the court to proceed with the sale of the assets as directed, without justifiable cause or excuse.

In the hearing upon one of the orders, the guardian sought to show that the ward was only secondarily liable upon the note signed by the ward and the corporation, and sought to have the assets of the corporation exhausted before sale of the guar-

dianship property. As above stated, this note, as well as the one upon which the other judgment was made, was signed by the ward as maker. Rem. Rev. Stat., § 3420 [P. C. § 4100], provides that an accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser without giving value therefor, and provides that "such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party." Section 3582 [P. C. § 4263] provides that the person "primarily" liable on an instrument "is the person who by the terms of the instrument is absolutely required to pay same. . . ." One who signs a promissory note as co-maker cannot relieve himself from liability thereon by an attempt to show that he was a mere surety or accommodation party, as evidence to that effect is not permissible. *Bank of California v. Starrett,* 110 Wash. 231, 188 Pac. 410, 9 A. L. R. 177; *First Bank of Cordova v. Tjosevig,* 138 Wash. 231, 244 Pac. 736. The court did not err in refusing to receive the offered testimony.

In the order directing the sale, the bank was authorized to bid and have the amount of its bid credited upon the balance due upon its judgments without paying cash for the property sold, and this is objected to. It is true that a simple contract creditor of an estate who purchases property of the estate cannot, as a general rule, deduct from his claim the amount of the price due from him, but, as stated in 24 C. J. 642:

"Under circumstances where the purchasing creditor would obtain no preference a set-off is sometimes allowed and an agreement therefor enforced. A mortgagee or other lienor who becomes purchaser at the sale and is entitled as lienor to receive part of

the proceeds of the sale may set off the amount of his lien against the amount of his bid.''

In the case now before us, the evidence shows, and the court found, with the exception of one item of thirty dollars, there were no claims against the estate except that of the bank, based upon its judgments, which were duly presented to the guardian, and that the assets of the estate remaining after the property in question should be sold would be more than sufficient to take care of the thirty-dollar claim and the costs. The rule stated in the text, just mentioned, is amply supported by authority. The court did not err in permitting the bank to make the set-off, since, under the particular facts of this case, this would not work a prejudice to any other creditor.

The guardian having refused to comply with the order of the court to proceed with the sale, the order removing her should not be disturbed. Rem. Rev. Stat., § 1579 [P. C. § 9911], provides that the court, in all cases, shall have the power to remove ''guardians for good and sufficient reasons. . . .'' Acting under the authority of this statute, the court always has power, under proper circumstances, to remove a guardian, but it may not act arbitrarily. *In re Shapiro's Estate,* 131 Wash. 653, 230 Pac. 627; *In re Dodson,* 135 Wash. 625, 238 Pac. 610. The refusal of the guardian in the present case to obey a lawful order of the court entered in the process of the administration of the estate justified the court in removing her as such guardian.

The appellant makes some other contentions, all of which have been considered, and with reference to which it is sufficient to say that in none of them do we find substantial merit. To give detailed considera-

tion to each of these would prolong this opinion, and would serve no useful purpose.

Each of the three orders appealed from will be affirmed.

HOLCOMB, BEALS, and BLAKE, JJ., concur.

