## CLINE v. RECEIVER OF COMMERCIAL NAT. BANK OF CHATSWORTH, ILL.

· No. 6152.

Circuit Court of Appeals, Seventh Circuit.

June 18, 1937.

John D. Thomason and Miller, Elliott & Westervelt, all of Peoria, Ill., and J. Bert. Miller and Miller & Shapiro, all of Kankakee, Ill., for appellant.

Bert W. Adsit, of Pontiac, Ill., and Hunter, Kavanagh & McLaughlin and Richard J. Kavanagh, all of Peoria, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and LINDLEY, District Judge.

Appellant had on deposit with the Commercial National Bank of Chatsworth, Illinois, the sum of $14,134.51 when it closed February 26, 1930. One dividend of 30 per cent. was paid to him. Two dividends, one for 10 per cent., declared in December, 1931, and one for 5 per cent., declared in September, 1932, were never paid him. The receiver withheld the last two dividends after demand because of a counterclaim which he asserted against appellant. The bank's counterclaim arose out of appellant's endorsement of a note for $1,600 given by one Worman to the bank. Appellee claims the endorsement was made upon condition that the note be extended to April 1, 1931.

Appellant contends that at the time he endorsed the note it was understood that the liability by virtue of the endorsement was not to interfere with the payment to him of any dividend which the bank might declare; that there was no consideration for the endorsement as there was no extension of time of payment of the note; that it was a judgment note, and that no extension could be effected of a judgment note which provided judgment might be entered thereon *before* or after it became due. Appellant also asserts that he signed the note as an endorser with an understanding between him and the receiver that it should never be paid by him save as an offset to his deposit and then only after all dividends had been paid to him in cash.

The note is a common judgment note and the endorsement on the back is as follows:

"Due Mar 16th 1930

"Extended by endorsement to 4/1/34.

"Endorsed 'G. H. Cline'."

There is a sharp dispute in the testimony as to what was said at the time of the endorsement. Appellee's testimony is to the effect that Worman brought appellant to the bank pursuant to a previous understanding that the note would be extended if a signer were obtained; that when Worman brought appellant in to sign the note, he, the receiver, brought out the note, made the endorsement thereon, and appellant signed it; that no other conversation took place except on social matters. There was evidence which rather strongly corroborated this testimony.

Both Worman and the appellant gave a completely different version. They both testified that appellant asked the receiver if he could not buy a note and offset it against his deposit; that the receiver brought out the Worman note and appellant stated that he wanted it understood that when he signed it, the endorsement would not interfere with the payment of bank dividends to him, and it should not be used as an offset against his deposits until all the dividends which the bank might ultimately declare had been paid to him. Worman stated that he understood that appellant was buying his note. There was no mention of an extension of time of payment.

After the note became due the appellee obtained judgment thereon against Worman.

Both sides moved for a directed verdict at the close of the testimony. The court directed judgment to be entered in favor of appellant for a sum by which the total of the two unpaid dividends exceeded the amount of the $1,600 note, to-wit, $298.44, but only after appellant had withdrawn his motion for a directed verdict.

EVANS, Circuit Judge.

The many questions which are raised by appellant with one exception must all be decided against him.

We are satisfied that the extension of time of payment of a judgment note upon which judgment may be entered at any time, before or after due, furnishes a valid consideration for an endorsement.[1]

The taking of the judgment against the original maker of the note is no bar to an action against the endorser on his endorsement of the note, the original maker not having paid any part of the judgment.[2]

Appellant's endorsement can not be successfully disputed by parol evidence tending to show that the endorser did not intend to be bound by the legal consequences resulting from his endorsement.[3] There was no fraud or deceit on the part of the bank, and the signer was intelligent and not incompetent.

There is one issue of fact which should have been submitted to the jury. In order to hold appellant on his endorsement, there must have been a consideration.[4] The alleged consideration in this case was the extension of maturity of the note.

The existence of an agreement by appellee to extend the note is denied by appellant. This issue of fact presented a jury question.

Appellee argues that the evidence on this issue overwhelmingly supports the ruling of the court and that the testimony to the contrary does not rise to the dignity of substantial evidence. The endorsement upon the back of the note contains the words "Due March 16, 1930, Extended by

---

[1] Extension of time, no matter how short, to maker is adequate consideration to accommodation endorser. Brannon's Negotiable Instruments Law, p. 233; Coal River Collieries v. Eureka Coal & Wood Co., 144 Va. 263, 132 S.E. 337, 46 A.L.R. 485; Ramish, Inc., v. Woodruff, 2 Cal.(2d) 190, 40 P.(2d) 509, 96 A.L.R. 1146. See also extensive annotations on this point to Sec. 25, notes 151–155, Uniform Negotiable Instruments Act, Annotated, Volume 5 of Uniform Laws Annotated; 7 American Jurisprudence, Bills & Notes, § 248.

[2] Petri v. Manny, 99 Wash. 601, 170 P. 127, 1 A.L.R. 1595; Daniel on Negotiable Instruments, § 1284, p. 1445; Brooklyn City, etc., R. Co. v. National Bank, 102 U.S. 14, 26 L.Ed. 61; 8 Corpus Juris, Bills and Notes, § 862.

[3] Parol evidence is not admissible to show non-liability of accommodation endorser except as against any person not a holder in due course. Forbes v. Ft. Lauderdale Mercantile Co., 83 Fla. 66, 90 So. 821; Gerli v. National Mill Supply Co., 78 N.J.Law, 1, 73 A. 252; Bank of California v. Starrett, 110 Wash. 231, 188 P. 410, 9 A.L.R. 177; Farmers' State Bank v. Forsstrom, 89 Or. 97, 173 P. 935; Sec. 28 of N. I. L.

[4] To hold accommodation indorser there must be consideration except as to holder for value. See Secs. 28 and 29 of N. I. L. and annotations there given; 7 American Jurisprudence, Bills and Notes, § 251; Brannon's Negotiable Instruments Law, p. 254.

Indorsement to 4-1-31." If these words were there when appellant signed his name and he read them or had them explained to him it would be rather conclusive proof that there was an extension of time granted because of said endorsement. However, the evidence does not show that these words were upon the note when Cline signed his name. We express no opinion as to the weight of this evidence as the case must go back for a new trial. We can not hold that an essential fact issue is conclusively established when two witnesses, even though interested in the outcome, deny there was an extension of the due date of the note.[5]

The judgment is reversed and a new trial granted.

---

[5] Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439.