[No. 4017. Decided December 13, 1901.]

FRANK HARDIN, *Respondent,* v. WHITE SWAN MINING AND MILLING COMPANY, *Appellant.*

GARNISHMENT — CORPORATIONS — SUFFICIENCY OF EVIDENCE.

Where the evidence in a garnishment proceeding against a mining corporation showed that it was indebted to the judgment debtor in the sum of $120, that the judgment debtor was one of the three incorporators of the corporation and as such was entitled to a large block of stock, which, by mutual agreement, had

not been issued, but was pooled with the holdings of the other incorporators, that a verbal agreement had been made by the judgment debtor with another incorporator to allow the latter to hold his stock and retain a lien thereon until an indebtedness due from the former had been paid, but that this agreement was not known by the secretary of the corporation or by any one until after the institution of the garnishment proceeding, it is sufficient to warrant the denial of motions for non-suit and for new trial.

SAME — LIABILITY OF STOCK FOR DEBTS OF STOCKHOLDER.

Under Bal. Code, §§ 5398, 5406-5408, recognizing the right of a judgment creditor to garnishee a corporation in which the judgment debtor is the owner of shares and providing how such shares may be sold and the effect of such sale, such shares may be sold on execution to the extent of the judgment debtor's interest, although held either under a pledge or a pooling agreement.

Appeal from Superior Court, Lincoln County.—Hon. CHARLES H. NEAL, Judge. Affirmed.

*Myers & Warren,* for appellant.

*Martin & Grant,* for respondent.

The opinion of the court was delivered by

WHITE, J.—The appellant and garnishee is a mining corporation organized January 11, 1901. A judgment was recovered by the respondent in the superior court for Lincoln county against one J. C. Bowen for $296.18. On this judgment a writ of garnishment was sued out on the 28th of January, 1901, which was subsequently served on the appellant as garnishee. On March 22, 1901, the appellant filed its answer to the writ. It denied it was indebted to the judgment debtor. It denied that it had any effects, goods, chattels, or personal property in its possession or under its control belonging to the judgment debtor. It further alleged that said judgment debtor did not hold any shares in the capital stock of the appellant company. This answer was controverted by

the reply affidavit of the respondent. The cause was tried, on the issues thus made, before a jury. There were a general and a special verdict. The general verdict found that the appellant was indebted to the judgment debtor in the sum of $120, and that the judgment debtor was entitled to 283,333 1-3 shares of the capital stock of the appellant corporation, and was to that extent interested therein. There was also a special finding that the judgment debtor was entitled to said stock when issued, and that one M. Millis had no right to hold and retain the same until a certain debt due him from the judgment debtor was paid. The record does not show that Millis was a party to this action, by intervention or otherwise, further than that he was called as a witness for the respondent. On the verdict the court adjudged and decreed that the appellant pay into the court $120 for the benefit of the respondent; and further adjudged and decreed that the sheriff sell said stock, or enough thereof to satisfy the demand of the respondent; said stock to be sold as personal property is sold according to the laws of the state of Washington. At the close of the testimony for the respondent appellant moved for a non-suit, which was denied. It also moved for a new trial which was overruled. The refusal of the court to grant these motions and the entry of the judgment on the verdict are assigned as error.

The records of the corporation were introduced in evidence. They show that the incorporators were M. Millis, J. C. Bowen, and W. H. Simpson; that the capital stock was $1,500,000; that the stock has never been issued; that it was mutually agreed by the incorporators that as private stock Mr. Millis held 383,333-1-3 shares, J. C. Bowen 283,333-1-3 shares, and W. H. Simpson

333,333-1-3 shares; that 500,000 were placed in the treasury for development purposes; that 20,000 shares were ordered to be sold at fifteen cents per share. The stockholders agreed to pool their private stock for three years, or till such time as the directors by unanimous vote decided to allow the same to be sold. That Mr. Millis was president, and J. C. Bowen manager; that $2 per day was allowed to Bowen for the period of two months from January 11, 1901. Mr. Millis was called as a witness by respondent. He testified, in substance, that no stock had yet been issued; that Bowen had no interest in the stock, because he (Bowen) had made a verbal agreement with the witness to let the witness hold Bowen's stock until Bowen paid the witness $1,185, which Bowen owed him; that he (Millis) had a lien on the stock of Bowen for that amount; that no one knew of this agreement until after this suit was brought. He further testified that Bowen was to be allowed $2 per day by the corporation from January 11, 1901, for a period of sixty days, and the same had not been paid; that the property of the corporation consisted of mining claims in Ferry county, conveyed to it by Bowen, for which Bowen was to receive 283,333-1-3 shares of stock of the corporation; that the witness had bought the same number of shares a few days before the trial from Simpson, and had paid him therefor $10,000; but that witness did not know what the shares were worth. Mr. Davies, the secretary of the corporation, called by respondent, testified that the corporation was never notified in any manner that Mr. Millis had a lien for $1,185 on the private stock of Bowen, and that they never heard of it until after this suit was brought. The appellant introduced no testimony. We think the testimony sustained the contention of the

respondent that the appellant was indebted to the judgment debtor, and had in its possession and under its control stock of the appellant corporation belonging to the judgment debtor. For that reason the motion for a non-suit was properly denied, and the motion for a new trial was properly overruled, as both these motions went only to the sufficiency of the evidence.

The appellant contends that no judgment authorizing the sale of the stock of the judgment debtor could be made, (1) Because Mr. Millis had a lien on the stock, and (2) because the stock was pooled. Whether or not Mr. Millis had a lien on the stock is immaterial in this action. He was not a party to these proceedings, and is not bound by the judgment herein, so far as his right in or to the stock is concerned. Because he has a lien on the stock is no reason why the interest of the judgment debtor in the stock should not be sold. The purchaser at such sale would take the interest of the judgment debtor in the stock subject to all his lawful contracts; and for the same reason the pooling of the stock does not prevent a sale on execution. Possession of the shares of stock by the sheriff is not essential in order to sell such stock on execution. Our statutes expressly recognize the right of a judgment creditor to garnishee a corporation in which the judgment debtor is the owner of shares, and provides how such shares may be sold, and the effect of such sale. §§ 5398, 5406-5408, Bal. Code. The judgment in this action substantially conforms with the requirements of § 5406, *supra,* and we see no reason for disturbing the same.

The judgment of the court below is affirmed, with costs to respondent.

REAVIS, C. J., and FULLERTON, HADLEY, MOUNT, DUNBAR and ANDERS, JJ., concur.