[No. 10042. Department One. February 26, 1912.]

B. A. LEWIS, *Respondent*, v. UNITED COLLIERIES COMPANY, *Appellant.*[1]

MONEY LOANED—EVIDENCE—SUFFICIENCY. A judgment for money loaned is sustained by evidence that the plaintiff loaned the money, either to defendant or one W., and placed it in the hands of W. to pay defendant's obligations, and that it was so used, although there was conflict involving the credibility of witnesses as to whether the loan was made upon the credit of defendant or W.

Appeal from a judgment of the superior court for King county, Chapman, J., entered July 5, 1911, upon findings in favor of the plaintiff, in an action for money loaned. Affirmed.

*Smith & Cole*, for appellant.
*Peters & Powell*, for respondent.

PARKER, J.—This is an action to recover the sum of $600, the amount of a loan alleged to have been made by the plaintiff to the defendant. Upon a trial before the court without a jury, findings and judgment were rendered in favor of the plaintiff, from which the defendant has appealed.

Nothing is presented here save the question of the sufficiency of the evidence to support the findings and judgment. There is no question but that, at the time of making the loan, it was made by respondent, either to appellant or to one Williams. The evidence shows almost conclusively that the

[1]Reported in 121 Pac. 443.

money was loaned and placed in Williams' hands for the express purpose of paying obligations of appellant, and that it was immediately thereafter so used by Williams. There is conflict in the evidence as to Williams being the agent of appellant for the purpose of the loan, and also as to whether or not the loan was made upon the personal credit of Williams or upon the credit of appellant. This conflict involves the credibility of witnesses. A careful reading of all the evidence convinces us that we would not be warranted in disturbing the findings of the trial court, especially in view of the fact that the money was actually used for appellant's benefit. We deem it unnecessary to review the evidence here. The judgment is affirmed.

DUNBAR, C. J., CROW, and CHADWICK, JJ., concur.