[No. 15346. Department One. May 31, 1919.]

CHARLES SIMPSON, *Appellant,* v. A. L. BROWN *et al.,*
*Respondents.*[1]

MASTER AND SERVANT (110-112) — CONTRIBUTORY NEGLIGENCE —
KNOWN DANGERS. An experienced farm hand, familiar with the con-
ditions, cannot recover for injuries sustained where, after due con-
sideration, he attempted to drive a horse and wagon under an ele-
vated pipe, mistakenly judging that there would be sufficient clear-
ance when, as he approached it, he could have protected himself by
ordinary care and observation.

TRIAL (31, 32)—REOPENING CASE. In an action for injuries sus-
tained in driving under an elevated pipe where there was not suffi-
cient clearance, it is not an abuse of discretion to refuse to open the
case for further evidence and continue the hearing to show the
height of the pipe.

Appeal from a judgment of the superior court for
Thurston county, Wilson, J., entered November 19,
1918, upon granting a nonsuit, dismissing an action
in·tort. Affirmed.

*Hartman & Hartman,* for appellant.

*Peters & Powell,* for respondents.

MITCHELL, J.—This is a suit for damages on account
of personal injuries suffered by plaintiff while in the
employment of defendants. The case was heard by the
court without a jury, and at the close of plaintiff's
case, the court granted defendants' motion for judg-
ment, from which judgment this appeal is prosecuted.

There are two assignments of error: (1) In render-
ing judgment in favor of defendants; and (2) in deny-
ing plaintiff's motion to reopen the case and to con-
tinue the hearing for the purpose of submitting fur-
ther evidence on his behalf.

Appellant was forty-eight years old, raised on a
farm, and all his life accustomed to handling horses.

[1]Reported in 182 Pac. 88.

The accident in question occurred on respondents' farm, where appellant had been working for six months as foreman of the poultry department, with a number of persons under him. From a bunk house on the place to a slough from the Nisqually river near by, respondents maintained a six-inch sewer pipe, elevated on posts, eight to ten inches in diameter, set in the ground about ten feet apart. The pipe was in the open and the ground beneath was clear. Appellant was entirely familiar with the premises. The accident occurred about ten o'clock in the morning, in attempting to drive under the pipe. He was directed to go out into a field and get a lot of cabbage trimmings for the chickens. His own account of how he was injured is as follows:

"I hooked up the horse on Thursday morning and drove down into the field. I went around the bunk house after the load through the way that was traveled considerably, and that way looking kind of muddy, we went in and got one load and come out the same way, and then we went and fed that to the chickens and went back after the second load in the same way. While we was loading the second load, me and Mr. Garfield talked the matter over that the road was pretty muddy there,—it was bottom land and there looked to be several tracks under this pipe higher up where it was dry and we thought we could get under there, and the ground was a little bit raising there and we didn't clear the pipe. Q. Now state just how it occurred. A. Going through there the ground was high and I aimed to duck it this way. (Indicating) Q. Stoop down. A. Yes, on the seat of the high seated wagon, and the pipe caught me across the neck here and broke me down, and as I remember, Mr. Garfield dropped down on the shaft to save himself. I didn't have time to and he hollered whoa to the horse and the horse stopped, and when I was pinned under the pipe he backed the wagon to clear me. I didn't remember any-

thing more for a few seconds until I come to and seen the boys there taking me off the wagon.''

This was a perfectly plain situation. An experienced farm-hand and teamster attempted to drive a horse, known to him to be docile and manageable, under a visible six-inch pipe, over smooth ground, the possibility of the accomplishment of which he had just considered and discussed with his helper, Mr. Garfield.

Of course, there was not sufficient space under the pipe to drive in safety, but the danger was open and apparent to the senses and, as appellant approached it, he could have failed to protect himself only by want of ordinary care and observation. Failure to observe such care precludes any right of recovery. 3 Labatt, Master and Servant (2d ed.), page 3026, § 1144; *Jennings v. Tacoma R. & Motor Co.,* 7 Wash. 275, 34 Pac. 937; *Krickeberg v. St. Paul & Tacoma Lumber Co.,* 37 Wash. 63, 79 Pac. 492; *Jock v. Columbia & Puget Sound R. Co.,* 53 Wash. 437, 102 Pac. 405.

Upon concluding the arguments on the motion to dismiss the case, it appearing there was a dispute between counsel as to what the proof showed, and possibly some slight uncertainty in the proof, as to the height of the pipe above the ground, appellant asked leave to introduce further evidence in that respect; and then asked for a continuance for that purpose, upon the statement by counsel for respondents that their witness, who had been present during the trial, prepared to testify upon that matter, was absent, having left immediately upon hearing both parties had rested in the introduction of evidence.

The court denied the motions, and clearly without any abuse of discretion in doing so.

Judgment affirmed.

CHADWICK, C. J., TOLMAN, MAIN, and FULLERTON, JJ., concur.