[No. 19229.   Department Two.   October 8, 1925.]

FANNIE HOLMAN, *Plaintiff*, v. CHRISTIAN TJOSEVIG *et al.*,
*Defendants and Appellants*, NATIONAL SURETY
COMPANY, INCORPORATED, *Garnishee*
*Defendant and Appellant.*[1]

JUDGMENT (215)—RES JUDICATA — MATTERS CONCLUDED.  In an action upon a judgment, the former judgment is *res judicata* as to a counterclaim which might have been interposed as a defense in the former action.

CONTRIBUTION (3)—PAYMENT OR DISCHARGE—NECESSITY.  One of two joint debtors is not entitled to contribution for the alleged expense of litigation for which both were liable, in the absence of positive allegation that such expense had been paid by him.

EVIDENCE (27-2)—JUDGMENT (156)—PRESUMPTIONS — RECITALS—APPEARANCE.  The recitals of an authorized appearance for defendants, in a judgment of a court of general jurisdiction in Alaska, are *prima facie* evidence of the facts stated.

GARNISHMENT (8, 12-1)—PROPERTY SUBJECT—INDEMNITY AGAINST LOSS BY SURETY.  A certificate of deposit belonging to the defendant, held by an indemnity company as indemnity against loss upon surety bonds of the defendant, is subject to garnishment, in the hands of the indemnity company, after discharge of liability upon the surety bonds.

Appeal from a judgment of the superior court for King county, John S. Jurey, judge *pro tempore*, entered March 6, 1924, upon findings in favor of plaintiff, in an action upon a judgment, tried to the court. Affirmed.

*R. J. Boryer*, for appellants.

*Lyons & Orton* and *John Lyons*, for respondent.

MAIN, J.—This is an action to recover a balance of $3,160.59, together with interest, on a judgment which had been entered against the defendants by the district court of the territory of Alaska.   The National

[1]Reported in 239 Pac. 545.

Surety Company was brought in as a garnishee defendant. The defendant Christian Tjosevig denied liability and pleaded two counterclaims, one that the plaintiff was owing him the sum of $798.38 for assessment work which he had done upon mining claims in Alaska in which the plaintiff was interested. By the second counterclaim he sought recovery for the sum of $250, which he alleged was the portion which the plaintiff should pay of expenses incident to certain litigation in Alaska. To both of these counterclaims, the trial court sustained demurrers. The defendants Eli Tjosevig and Andrew Halverson denied that they had ever appeared in the action in the district court of Alaska, the judgment of which court is the basis of this action, or authorized anyone to appear for them. The National Surety Company admitted that it held a certificate of deposit as protection against its liability on two indemnity bonds upon which it had become surety for Christian Tjosevig. The trial court entered judgment against the three parties to the principal action, and a judgment in the garnishment matter that the plaintiff would be entitled to the certificate of deposit after the liability of the National Surety Company, as surety upon the indemnity bond, should be discharged. From the judgment thus entered, all the defendants, including the National Surety Company, appeal.

The appellant Christian Tjosevig complains of the ruling of the trial court upon his two counterclaims. As to the item for assessment work for which he claimed the respondent should contribute, this was a matter that could have been interposed as a defense in the action brought in the district court of Alaska, and therefore the right to urge it as a defense in the present action did not exist. In the case of *Sayward v. Thayer*, 9 Wash. 22, 36 Pac. 966, 38 Pac. 137, it was held that, in actions between the same parties, the

judgment therein is *res judicata* as to all points in issue and as to all points which might properly have been raised and adjudicated therein. The doctrine of that case has been many times reaffirmed by this court, and as late as in the case of *Crandall v. Iten,* 128 Wash. 277, 222 Pac. 894.

As to the item incurred as expenses in litigation, there is no positive allegation that this was actually paid, in the absence of which, contribution on the part of the respondent cannot be enforced. In 13 C. J. p. 823, it is said:

"The right to contribution is inchoate from the date of the creation of the relation between the parties, but is not complete, so as to be enforceable, until there has been an actual payment, in whole or in part, of the common obligation or until something is done equivalent to a discharge thereof."

The trial court correctly sustained demurrers to the two counterclaims.

Whether Eli Tjosevig and Andrew Halverson appeared in the Alaska action, or authorized counsel to appear for them, presents a question of fact. The trial court found that the district court of Alaska was a court of general jurisdiction, and that these parties had authorized an appearance for them in that action. The district court being one of general jurisdiction, it is presumed that the judgment thereof is regular and that the recitals therein are *prima facie* evidence of the facts stated. *Kline Bros. & Co. v. North Coast Fire Ins. Co.,* 80 Wash. 609, 142 Pac. 7. The finding of the trial court that there was an authorized appearance in the Alaska court is sustained by the record in this case, or, to state it another way, the evidence is not sufficient to overcome the presumption arising from the facts stated in the judgment.

There was no error in the judgment which was entered as to the garnishee, the National Surety Company. The certificate which that company held was owned by the appellant Christian Tjosevig, and the company only held it as indemnity against loss upon the bonds mentioned. The interest of Christian Tjosevig in the certificate was subject to garnishment. *Hardin v. White Swan Min. & Mill. Co.*, 26 Wash. 583, 67 Pac. 236; *Gordon v. Hillman*, 107 Wash. 490, 182 Pac. 574. The case of *Barkley v. Kerfoot*, 77 Wash. 556, 137 Pac. 1046, is not in point. There it was held that rent which had not matured, and which was not due and payable, was not subject to garnishment. In the case now before us, the certificate of deposit was the property of Christian Tjosevig and was only held, as stated by the surety company, as indemnity against loss.

There is some question as to the ruling of the trial court on the rejection of evidence, but we find no error in this regard.

The judgment will be affirmed.

TOLMAN, C. J., MACKINTOSH, HOLCOMB, and FULLERTON, JJ., concur.