[No. 19709.   Department One.   March 26, 1926.]

FIRST BANK OF CORDOVA, *Respondent,* v. CHRISTIAN TJOSEVIG, *Appellant,* NATIONAL SURETY COMPANY, *Garnishee-Respondent,* CHITINA INVESTMENT COMPANY, *Intervener-Appellant.*[1]

[1] TRIAL (33)— REOPENING CASE FOR FURTHER EVIDENCE — AFTER MOTION FOR DIRECTED VERDICT. It is not an abuse of discretion to refuse to reopen a case for further evidence, after motion for a directed verdict, in order to reproduce a party who had been interrogated about the matter in question which was essential to establish his case.

[2] BILLS AND NOTES (26-1)— LIABILITY — COLLATERAL AGREEMENT. One signing a note as co-maker, under Rem. Comp. Stat., §§ 3420, 3551, 3582, can not relieve himself of primary liability as a mere surety or accommodation party; and the fact that another agreed to sign does not establish a delivery conditional on such signing.

[3] COSTS (65)—ON APPEAL—MODIFICATION OF JUDGMENT. Costs will not be allowed against respondent on modifying a judgment as to interest, which respondent admitted and attempted to correct below before the appeal was perfected.

[4] GARNISHMENT (33, 49)—LIABILITY OF GARNISHEE—PROPERTY OF DEFENDANT — OWNERSHIP — EVIDENCE — SUFFICIENCY. Where, in garnishment, it appears a corporation and its president signed a note to a surety company to purchase a certificate of deposit to be held by the surety company as collateral security for its indemnity on bonds issued to the president, which note was afterwards paid, the corporation merely loaned its credit to the president, and cannot claim ownership of the certificate of deposit, as against the surety company holding it as collateral for liability incurred on the bonds.

Appeals from a judgment of the superior court for King county, Hall, J., entered June 30, 1925, upon findings in favor of the plaintiff and garnishee defendant, in an action on a promissory note, tried to the court. Affirmed with modification as to interest.

[1]Reported in 244 Pac. 736.

*Harry Ellsworth Foster* and *Louis F. Buty,* for appellant.

*Smith & Matthews* and *Lyons & Orton,* for respondent.

HOLCOMB, J.—Two appeals are before us in this matter, one in the principal case and one from a judgment in garnishment.

The principal case is an action upon a promissory note for $5,000, upon which were credited payments aggregating $2,000, and for attorneys fees in the sum of $350, which sum was stipulated to be reasonable.

The third amended answer of appellant, upon the issues which were raised by it to the complaint the cause went to trial, admitted the execution of the note; admitted the payment of $2,000; admitted that the note was executed in Alaska, and that the rate of interest under the statutes of Alaska was twelve per cent. The first affirmative defense alleged that the note was signed by appellant upon the condition that the North Midas Copper Company, a corporation, would sign and execute the same before appellant's endorsement should become effectual, and that respondent would require the company to deposit fifty thousand shares of its capital stock as collateral, and that the note was delivered to the bank for the purpose of securing the signature of the North Midas Copper Company, which the bank never did, and that the statutes of Alaska provide for the defense of conditional delivery.

By reply, respondent denied the conditional delivery allegations; the breach of any agreement of that kind; did not deny that the statutes of Alaska provided for the defense of conditional delivery, and therefore, the statute of Alaska was admitted.

The court permitted all of the evidence to go in, and at the conclusion thereof directed a verdict for re-

spondent in the amount sued for, together with interest thereon, and on the stipulation fixed the attorneys fees at $350.

Upon entering judgment, by inadvertence, the judgment provided that it should bear interest at the rate of twelve per cent per annum, as specified in the note sued on, and upon appeal being taken, it being discovered by respondent that the rate of interest provided in the judgment was contrary to the provisions of § 457 Rem. Comp. Stat., which provides for interest on written contracts at the rate provided therein, not to exceed ten per cent per annum from the date of entry, attempted to procure a modification of the judgment in that respect. This was opposed by appellant upon the ground that the cause had already been appealed, although the appeal had not yet been perfected, and the trial court held that, because of the institution of the appeal, it was without jurisdiction to alter the judgment.

The errors assigned by appellant are in withdrawing the defense of conditional delivery from the jury; denying the application of appellant to reopen the case, and in fixing the rate of interest in excess of ten per cent per annum.

Appellant earnestly contends that the court erred in directing a verdict for respondent, and insists that the evidence is uncontradicted that the North Midas Copper Company received the entire proceeds of the note. It is asserted that appellant testified positively and repeatedly that the president of respondent agreed to have the North Midas Copper Company sign the note, and that the North Midas Copper Company was to deposit as collateral on the note fifty thousand shares of its capital stock. But appellant admits in his brief that

"it was nevertheless true that appellant omitted to testify directly that his endorsement was not to become effective until the North Midas Copper Company should sign the note, but equally true that he testified positively that the president of the bank told him that the note would be sent to the copper company for signature."

It will thus be seen that appellant's first and second claims of error are closely related.

[1] When appellant had closed his case on his affirmative defense, as to which, of course, he had the burden of proof, upon a motion for a directed verdict being made by respondent, and the trial court indicating its determination that it must be granted, appellant then moved the court that he be permitted to reopen the case for the purpose of showing that the promise on the part of the president of the respondent bank to have the North Midas Copper Company sign the note before it became binding and effective, was made prior to the signing of the note, at a certain hotel in Alaska, in the presence of another and appellant, about two weeks prior to the signing of the note. Respondent objected to reopening the case because appellant was on the stand, was fully examined, cross-examined and re-examined as to the conversations that occurred between him and the president of respondent at the time of signing the note and prior thereto, apparently related them fully and how the conversations ended, and there was no inadvertence or mistake. The court then denied the motion, saying:

"When a party to an action by inadvertence forgets to prove something that is material to the case, the court will very often, in the exercise of discretion permit them to reopen the case for the purpose of supplying the part omitted; but where a witness goes on the stand and is interrogated about the very thing that is essential to him to establish his case, then after

all parties have rested and there is a motion for a directed verdict, it is too late for him to move the court to reopen the case. The motion will be denied."

The trial court was right. Appellant had pleaded conditional delivery and had given his version of the entire conversations, repeatedly. This court has always held that it will not interfere with a ruling of the trial court on such a matter, unless there is a clear abuse of discretion. *Ritter v. Seattle*, 82 Wash. 325, 144 Pac. 61; *Simpson v. Brown*, 107 Wash. 366, 182 Pac. 88; *Clark Lloyd Lumber Co. v. Puget Sound & Cascade R. Co.*, 111 Wash. 232, 190 Pac. 226.

In the last cited case where the situation was somewhat similar, this court said:

"It is manifest that these matters must be left largely within the discretion of the trial court. There cannot be any inherent right to have a case reopened, for, if there were, the trial might never come to an end. In the very nature of things, it is, and must be, a permission, the granting of which rests in the sound judgment and discretion of the court."

See, also, 3 Wigmore on Evidence, §§ 1876, 1877, 1878.

[2] Reverting to the principal question, appellant constantly speaks of the signature of appellant to the note as an "endorsement." That is error. Although his testimony may be taken as true that he signed it without any consideration passing directly to him, and as an accommodation surety, nevertheless, the note was executed by him as a co-maker. That being true, under our Negotiable Instruments Act (Rem. Comp. Stat. §§ 3420, 3551 and 3582) he could not relieve himself of primary liability upon the note as a mere surety or accommodation party. *Van Tassel v. McGrail*, 93 Wash. 380, 160 Pac. 1053; *Moore v. Kildall*, 111 Wash.

504, 191 Pac. 394; *Kuhn v. Groll,* 118 Wash. 285, 203 Pac. 44.

It is true that this court has recognized the rule that a conditional delivery may be pleaded as a defense to an action on a promissory note, and proven by a preponderance of the evidence (*Ewell v. Turney,* 39 Wash. 615, 81 Pac. 1047), but the evidence of appellant, as admitted in the quotation heretofore made from his brief, in no wise establishes that the execution of the note by appellant was not to become effective until the North Midas Copper Company had signed the note.

We therefore conclude that the trial court was right in directing a verdict for respondent.

[3] The judgment, of course, must be modified as to the rate of interest to ten per cent from date of entry, in accordance with the motion made by respondent below; but, since it made that attempt before this appeal was perfected and submitted, we do not feel like appellant should be allowed costs on this appeal, because of the modification of the judgment. Respondent will therefore be allowed its costs on appeal.

As to the appeal from the judgment upon the garnishment, it appears that a writ was served upon the National Surety Company, garnishee-defendant, and that it answered that it held a certificate of deposit of appellant for $5,900. The amended answer of the garnishee-defendant alleged that the certificate was delivered by appellant, but did allege ownership in the garnishee-defendant. Its position was that of a stakeholder. Chitina Investment Company, appealing from the garnishment judgment, filed a petition in intervention, alleging ownership of the certificate of deposit. Respondent answered the petition of the intervener denying its ownership of the certificate.

It appeared at the trial of the action that there was at that time a prior judgment against the garnishee-defendant on a prior writ impounding the same funds, which judgment had been affirmed on appeal to this court. *Holman v. Tjosevig*, 136 Wash. 261, 239 Pac. 545. In that case it appears that intervener here appealing was not a party.

Appellant Tjosevig admitted on the stand that he applied for certain bonds to be executed by respondent surety company, which were written by it, and that the liability on one of the bonds had been determined. Appellant, the intervener, does not make any claim that the application for the bonds was not made by appellant Tjosevig. Appellant Tjosevig, however, testified that the intervener gave its note for $5,800.05, for which he secured the certificate of deposit payable to the National Surety Company. An officer of the bank which issued the certificate of deposit testified that, on the same day the certificate of deposit was issued, the intervener gave his note, endorsed by appellant Tjosevig, for the same amount as the certificate of deposit.

The court found for respondent; the intervener moved for a new trial on the various statutory grounds, which was denied. Intervener proposed findings of fact, conclusions of law and a judgment which were denied, and the court signed findings of fact, conclusions of law and a judgment proposed by respondent.

The errors assigned relate to the findings and conclusions signed by the court, and those refused by the court, and judgment as proposed by the intervener.

[4] The intervener, appellant in this matter, contends that there is no disputed question of fact or law presented on this appeal, and that the only question is, what is the legal conclusion to be derived from the

facts. It is asserted that the evidence is positive and clear that the money was given to the bank by the intervener to purchase a certificate of deposit. It was also shown that the intervener ultimately paid and took up the note for $5,800.05.

It appears also from the record that appellant Tjosevig was president of the Chitina Investment Company, and that, as such, he executed the joint note of the intervener and himself to respondent, and no attempt was made to show that appellant Tjosevig did not have authority to do what he did.

The receipt which was given by the bank with which the parties were dealing, and which issued the certificate of deposit, which was given as collateral for the indemnity of the garnishee-defendant, recites that—

. "The certificate of deposit in the State Bank of Seattle was received from Christian Tjosevig, owner, as collateral security, etc., on a certain mentioned bond or undertaking, and any other bonds or undertakings written by the National Surety Company for said principal, and for the performance of all agreements in connection with the said bonds or undertakings."

It was also stated that it was understood that the collateral would be released to "said owner upon delivery to the surety company of conclusive written evidence of the termination of its liability on each and all of the said bonds or undertakings."

From the above and other evidence in the record, it is clear that at most the intervener had loaned its credit to appellant Tjosevig, and at best they stand in the relation of lender and borrower.

A loan is made when the borrower receives money over which he exercises dominion, and which he expressly or impliedly promises to return. *Lewis v. United Collieries Co.*, 67 Wash. 311, 121 Pac. 443; 6 C. J. 915; 8 C. J. 269.

There is no error in the findings, conclusions or judgment in the garnishment matter. The judgment therein is therefore affirmed.

TOLMAN, C. J., FULLERTON, PARKER, and MAIN, JJ., concur.