# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWABS, INC. ASSET-BACKED CERTIFICATES, SERIES 2005-10,

    Respondents,

v.

STEPHANIE TASHIRO-TOWNLEY AND SCOTT C. TOWNLEY,

    Appellants.

No. 69194-5-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: March 2, 2015

LEACH, J. — Before the nonjudicial foreclosure sale of their home, Stephanie Tashiro-Townley and Scott Townley filed suit in federal court against entities associated with the foreclosure, including Bank of New York Mellon ("BNYM"). BNYM later purchased the property at the sale. When it filed an unlawful detainer action in King County Superior Court, the Townleys filed counterclaims and other pleadings asserting claims similar to those they raised in their federal court complaint. The superior court dismissed or denied all of the Townleys' claims because they exceeded the scope of the unlawful detainer proceedings. It then granted BNYM a writ of restitution.

No. 69194-5–I / 2

The Townleys appeal, arguing that their counterclaims and other requests for relief came within the scope of unlawful detainer proceedings. Because we conclude that the doctrine of res judicata bars the Townleys' claims, we affirm.

FACTS

On July 26, 2005, the Townleys obtained a mortgage loan from Countrywide Home Loans Inc. They executed a promissory note in the amount of $297,000 secured with a deed of trust. The deed of trust identified Mortgage Electronic Registration Systems Inc. (MERS) as the beneficiary.

In January 2009, the Townleys stopped making monthly payments on the loan. Six months later, the Townleys received a notice of default.

On July 17, 2009, MERS assigned its interest in the deed of trust to BNYM, as Trustee. BNYM then appointed Northwest Trustee Services Inc. (NTS) as its successor trustee.[1]

On September 14, 2010, NTS issued a notice of trustee's sale, scheduling the sale for October 29, 2010. NTS later postponed the sale to December 3, 2010.

_____

[1] In November 2009, the Townleys filed for bankruptcy in the U.S. Bankruptcy Court for the Western District of Washington. In May 2010, BNYM moved for relief from the bankruptcy stay. The Townleys opposed the motion, arguing that BNYM lacked proof that it was the noteholder on the loan and thus lacked standing. The bankruptcy court denied confirmation of the Townleys' bankruptcy plan and dismissed the case.

On November 16, 2010, the Townleys filed a complaint against BNYM, MERS, and others in federal district court. The complaint alleged irregularities in the foreclosure sale, wrongful foreclosure, and violations of the deed of trust act[2] and Consumer Protection Act (CPA).[3] The complaint alleged in part that the NTS lacked authority to foreclose because it acquired its interest in the property from BNYM, who in turn acquired its interest by assignment from MERS. Because MERS did not hold the note at the time of its assignment, the Townleys claimed that neither BNYM nor its assignee received any interest in the property, making the foreclosure sale void. The complaint further alleged noncompliance with statutory notice requirements and unlawful actions designed to manufacture "an alleged waiver by the [Townleys] of their rights to challenge the sale." They sought declaratory relief and damages. They did not move to restrain the sale.

On December 3, 2010, BNYM purchased the Townleys' property at the foreclosure sale.

In March 2011, the Townleys filed an amended complaint in federal district court, again alleging that the foreclosure sale was unlawful and void.

In June 2011, the federal district court dismissed the Townleys' complaint. The court ruled that the Townleys waived most of their claims by failing to restrain the foreclosure sale. The court further ruled that the Townleys failed to

---

[2] Ch. 61.24 RCW.
[3] Ch. 19.86 RCW.

state a claim for relief under the CPA and could not seek injunctive relief under Title 59 RCW. The Townleys appealed to the Ninth Circuit Court of Appeals.

On February 24, 2012, BNYM filed this unlawful detainer action, seeking possession of the foreclosed property. The Townleys filed "Counter and Cross Complaints" against BNYM, MERS, and others. They sought damages and declaratory and injunctive relief for misrepresentation, fraud, breach of contract, unjust enrichment, violations of the CPA, and other causes of action. They alleged that the foreclosure was accomplished via fraudulent business records and practices.

On March 7, 2012, the Townleys moved to convert the unlawful detainer proceeding to a proceeding for damages under the court's general jurisdiction. The court denied the motion. On the same date, the Townleys filed a motion in federal court seeking relief from the district court's dismissal of their complaint under Fed. R. Civ. P. 60. The motion alleged newly discovered evidence of fraudulent business records. The new evidence consisted of affidavits of alleged experts regarding "robo-signed" documents and other irregularities in records associated with the foreclosure. The federal court later denied the motion.

On March 8, 2012, the Townleys filed a petition for declaratory relief in the unlawful detainer proceeding. The petition asserted the same claims raised in the Townleys' Fed. R. Civ. P. 60 motion, including claims based on robo-signed

documents. In an attached affidavit, Stephanie Tashiro-Townley alleged that she first learned of the evidence supporting these claims in December 2011, when she contacted a "certified fraud examiner and expert." The petition sought a declaration that BNYM's interest in the property was based on fraudulent documents and a void foreclosure sale. In the alternative, the petition sought an order for BNYM to cease and desist any actions "until the facts of new and relevant evidence of the fraudulent foreclosure . . . is properly reviewed by the [federal] Court."

On April 25, 2012, BNYM moved to dismiss the Townleys' "Counter and Cross Complaints" under CR 12(b), arguing that they exceeded the scope of unlawful detainer proceedings. Shortly thereafter, BNYM filed a motion for writ of restitution for possession of the property.

On May 11, 2012, the superior court denied the Townleys' petition for declaratory relief. On May 17, 2012, a court commissioner dismissed the Townleys' "Counter and Cross Complaints" and granted BNYM a writ of restitution.[4] Following unsuccessful motions for revision and reconsideration, the Townleys appealed.[5] We stayed the appeal pending the outcome of the Townleys' appeal of the federal district court's decision.

_____

[4] The May 11 and May 17 orders do not state whether the dismissals/denials are with or without prejudice.
[5] Contrary to BNYM's assertions, the Townleys' appeal was timely filed. On May 21, 2012, the Townleys timely moved for reconsideration of the order

On January 21, 2014, the Ninth Circuit affirmed the federal district court's dismissal of most of the Townleys' claims for relief. The court ruled that the Townleys' "waived those claims by failing to bring an action to enjoin the foreclosure sale." The court vacated the dismissal of the Townleys' CPA claim, however, and remanded for further proceedings. We then lifted the stay in this appeal and requested and received supplemental briefing on the preclusive effect of the federal courts' decisions.

## DECISION

We must decide if the superior court erred in dismissing the Townleys' counterclaims and denying their petition for declaratory relief. We review rulings dismissing or denying claims as a matter of law de novo.[6] We may uphold such rulings on any theory supported by the record.[7]

The superior court gave two reasons for dismissing the counterclaims and denying declaratory relief: the Townleys waived the claims by not restraining the

---

denying their petition for declaratory relief. On May 27, 2012, the Townleys moved to revise the May 17, 2012, commissioner's rulings dismissing their counterclaims and granting a writ of restitution. At the July 13, 2012, hearing on the motion for revision, the superior court rejected arguments that the Townleys' motion to revise was not filed on May 27, 2012. BNYM has not addressed or challenged that ruling. On July 13, 2012, the court denied the motions for revision and reconsideration. The notice of appeal filed on August 10, 2012, was therefore timely. RAP 5.2(a).

[6] In re Det. of A.S., 91 Wn. App. 146, 157 n.6, 955 P.2d 836 (1998) (motions to dismiss involving pure questions of law are reviewed de novo), aff'd 138 Wn.2d 898, 982 P.2d 1156 (1999).

[7] Korslund v. DynCorp Tri-Cities Servs., Inc., 121 Wn. App. 295, 317, 88 P.3d 966 (2004).

foreclosure sale and the claims exceeded the scope of the unlawful detainer proceeding.[8] But because the record includes some evidence that the Townleys relied to their detriment on representations that the foreclosure sale was on hold,[9] their failure to restrain the sale arguably did not waive their claims.[10] And to the extent their claims bore on their right to possession and damages incident to the denial of that right, they arguably came within the scope of the unlawful detainer proceedings.[11] We do not resolve those questions, however, because we conclude that res judicata barred the claims.

---

[8] Both the court and opposing counsel noted that the Townleys could bring a claim for damages in a separate proceeding.

[9] Stephanie Tashiro-Townley alleged that prior to the sale, she received letters from the bank and the loan servicing agent stating that the sale was on hold.

[10] See Rucker v. NovaStar Mortg., Inc., 177 Wn. App. 1, 18-19, 311 P.3d 31 (2013) (waiver is applicable only where it is equitable under the circumstances; no waiver for failure to restrain sale if foreclosed party relied on misrepresentation that sale would not take place); Cox v. Helenius, 103 Wn.2d 383, 389-90, 693 P.2d 683 (1985) (where a "trustee undertakes a course of conduct reasonably calculated to instill a sense of reliance" by the borrower and then acts inconsistently therewith, the foreclosure sale is void); Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 571-72, 276 P.3d 1277 (2012) (where borrower reasonably believed sale would be canceled, purchaser had constructive knowledge of the procedural defect, and borrower did not sleep on rights, waiver did not apply). In addition, damage claims based on fraud, misrepresentation, or the CPA are not waived by failure to restrain the sale. RCW 61.24.127.

[11] Savings Bank of Puget Sound v. Mink, 49 Wn. App. 204, 208-10, 741 P.2d 1043 (1987) (party in unlawful detainer may raise counterclaim "that will void the sale and thus destroy any right to possession in the purchaser at the sale"); Kelly v. Powell, 55 Wn. App. 143, 150-52, 776 P.2d 996 (1989) (counterclaim for specific performance of option to purchase could be heard in unlawful detainer proceeding because its resolution was necessary to determine the right of possession); Peoples Nat'l Bank of Wash. v. Ostrander, 6 Wn. App.

Res judicata prohibits the relitigation of claims that either were litigated or, in the exercise of reasonable diligence, could have been litigated in a prior action.[12] Courts developed the doctrine to prevent relitigation of previously determined causes and to curtail harassment in the courts.[13] For the doctrine to apply, there must be a final prior judgment[14] and a current action that share an identity of (1) subject matter, (2) causes of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.[15] Whether res judicata applies presents a question of law.[16]

BNYM argues, and we agree, that each of the prerequisites for res judicata is present here. The federal district court's decision is a final judgment on the merits.[17] The federal and superior court actions have the same subject matter—i.e., the sale and right to possession of the Townleys' property. The

---

28, 31-32, 491 P.2d 1058 (1971) (fraud in foreclosure process is an equitable defense that can be heard in an unlawful detainer action); Mead v. Park Place Props., 37 Wn. App. 403, 406, 681 P.2d 256 (1984) (unlawful detainer proceeding "'is limited to the primary issue of the right of possession, plus incidental issues such as restitution and rent, or damages'" (quoting Phillips v. Hardwick, 29 Wn. App. 382, 386, 628 P.2d 506 (1981))).

[12] King's Way Foursquare Church v. Clallam County, 128 Wn. App. 687, 693, 116 P.3d 1060 (2005).

[13] Bordeaux v. Ingersoll Rand Co., 71 Wn.2d 392, 395, 429 P.2d 207 (1967).

[14] Pederson v. Potter, 103 Wn. App. 62, 67, 11 P.3d 833 (2000).

[15] Rains v. State, 100 Wn.2d 660, 663, 674 P.2d 165 (1983).

[16] Landry v. Luscher, 95 Wn. App. 779, 782-83, 976 P.2d 1274 (1999).

[17] For purposes of res judicata, a judgment becomes final at the beginning, not the end, of the appellate process. City of Des Moines v. Pers. Prop. Identified as $81,231 in U.S. Currency, 87 Wn. App. 689, 702, 943 P.2d 669 (1997).

causes of action, or more specifically, the rights, evidence, and transactional facts involved in the two proceedings, are substantially the same.[18] The persons and parties and the quality of the persons against whom the claims are made are essentially the same.

The Townleys do not address the elements of res judicata. Nor do they cite any relevant authority. Courts hold pro se litigants to the same standard as attorneys and must comply with all procedural rules.[19] Under the Rules of Appellate Procedure, an appellant must provide "argument in support of the issues presented for review, together with citations to legal authority."[20] Arguments not supported by meaningful analysis or citation to pertinent authority need not be considered.[21] Virtually all of the Townleys' arguments in their supplemental briefs do not comply with these requirements.

Furthermore, as briefed, the Townleys' arguments do not persuade us. They contend the federal court decisions do not have preclusive effect because they misapplied Washington law. But for purposes of issue or claim preclusion, courts generally consider the correctness of the prior decision immaterial so long

---

[18] See Rains, 100 Wn.2d at 664.

[19] In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993).

[20] RAP 10.3(a)(6).

[21] Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

as the parties received a full and fair opportunity to litigate the issue or claim.[22] The Townleys fail to cite any authority supporting an exception to this rule.

The Townleys also contend that they did not discover the evidence supporting their fraud claim until after the federal district court's decision and therefore the federal court decisions do not preclude their fraud claim in this case. They concede, however, that they presented the new evidence to the federal district court in their motion under Fed. R. Civ. P. 60 for relief from judgment. The federal court addressed and denied that motion. The Townleys nowhere explain why that opportunity to challenge the sale based on their new evidence was insufficient. Nor do they demonstrate that they could not have discovered the alleged experts and new evidence before the federal district court's decision by the exercise of due diligence.

Finally, we note that the Townleys' claims based on alleged newly discovered evidence of fraud were arguably properly dismissed on the ground that they have no effect on the Townleys' right to possession.[23]

---

[22] See Thompson v. Dep't of Licensing, 138 Wn.2d 783, 794-800, 982 P.2d 601 (1999) (where party had a full and fair hearing before prior judgment, interests of finality, judicial economy, and the desirability of avoiding inconsistent results favor giving preclusive effect to the prior judgment even if it appears substantively erroneous).

[23] See generally Mendoza v. JPMorgan Chase Bank, N.A., 228 Cal. App. 4th 1020, 175 Cal. Rptr. 3d 880 (2014).

In summary, we conclude that on the briefing presented, the Townleys' counterclaims and petition for declaratory relief were or could have been litigated in the federal court proceedings and are therefore barred by the doctrine of res judicata.[24]

The Townleys' remaining claims, including their arguments relating to equal protection and their right to a jury trial, lack merit and/or are rendered moot by our decision. We deny the parties' requests for attorney fees on appeal.

Affirmed.

_Leach, J._

WE CONCUR:

_____

_____

---

[24] See Holman v. Tjosevig, 136 Wash. 261, 262-63, 239 P. 545 (1925) (counterclaim in action to enforce judgment which could have been raised in action resulting in prior judgment was barred by res judicata).